1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ESTATE OF DEREK XUE, JIAN XIONG
XUE & MING FENG ZHONG,

Plaintiffs,

v.

ARAMARK CORPORATION, a Delaware
Corporation,

Defendant.

Case No. C06-5667RJB

ORDER ON DEFENDANT
ARAMARK CORP.'S
MOTION FOR
JUDGMENT ON THE
PLEADINGS

This matter comes before the court on Defendant ARAMARK Corp.'s Motion for Judgment on the

Pleadings. Dkt. 10.  The court has considered the pleadings filed in support of and in opposition to the

motion and the file herein.

PROCEDURAL HISTORY

On Saturday, September 23, 2003, Derek Xue drowned in a swimming pool on the premises of

lake Quinault Lodge, while a guest of that facility.  Dkt. 10.  Defendant ARAMARK Corporation contends

that Lake Quinault Lodge, a vacation resort located inside the Olympic National Forest in Grays Harbor

County, is operated by Aramark Sports & Entertainment Services, Inc., through a concession agreement

with the U.S. Forest Service. Dkt. 12, at 3.  On the Washington State Department of Revenue State

Business Records Database, ARAMARK SPORTS & ENTERTAINMENT SERVICES INC is identified

as doing business as LAKE QUINAULT LODGE.  Dkt. 17, at 5.  According to Charles J. Reitmeyer, Vice

President and Associate General Counsel for Risk Management, Antitrust and Litigation in the "Aramark

Legal Department," ARAMARK Corporation, a Delaware Corporation that has its principal place of business in Philadelphia, Pennsylvania, is a holding company; ARAMARK Corporation is not incorporated in and does not do business in the state of Washington; Aramark Sports & Entertainment Services, Inc. is a distinct corporation from both ARAMARK Corporation and Aramark Sports and Entertainment Group; Aramark Sports & Entertainment Services, Inc. and Aramark Sports and Entertainment Group are corporate entities that are separate and distinct from each other; and Aramark Sports and Entertainment Group does not operate the Quinault Lodge. Dkt. 12, at 1-2. The parties apparently agree that Aramark Sports & Entertainment Services, Inc. is a wholly-owned subsidiary of ARAMARK Corporation. Dkt. 10, at 2; Dkt. 13, at 3.

On February 17, 2004, plaintiffs' counsel sent a letter addressed to the following:

Lake Quinault Lodge
Risk Box 7
Quinault, WA 98575-0007

Dkt. 17, at 6. Plaintiffs' counsel requested that the letter be forwarded "to your insurance company or to the appropriate individual so that we can discuss this matter prior to litigation." *Id.*

On March 15, 2004, a letter was sent to plaintiff's counsel, as follows:

Re:    Estate of Derek Xue
       ARAMARK Sports & Entertainment Services, Inc. (ASESI)
       Drowning:    September 23, 2003
       Claim #:       CCW005330

Dear Mr. Pak:

Specialty Risk Services, LLC, administers general liability claims for ASESI. They have forwarded your letter of representation of February 17, 2004, and designated this office to work with you on this matter prior to any litigation.

We look forward to working with you to resolve the estate's concerns arising out of this tragic incident.

SPECIALTY RISK SERVICES, LLC.


Jerry Stein, CPCU
Liability Supervisor

Dkt. 17, at 7.

On September 25, 2006, plaintiffs filed suit in Grays Harbor Superior Court, naming ARAMARK Corporation as the sole defendant. Dkt. 11, at 4. Although plaintiffs' attorney Hyon Pak's name is typed

below a signature line, the complaint was unsigned. *Id.* at 9.  The complaint was "[d]ated this 22nd day of September, 2006."  *Id.*  Plaintiffs contend that their counsel had sent to the Grays Harbor Superior Court the original complaint and a conformed copy of the complaint, but mistakenly signed the conformed copy instead of the original.  *See* Dkt. 14, at 8-13.  Accordingly, plaintiffs claim that the unsigned copy was filed in error as the original complaint, and the signed original was returned to plaintiff's counsel.

On November 2, 2006, plaintiffs served CT Corporation with a summons and complaint.  Dkt. 11, at 10.  Plaintiff contends that CT Corporation is a registered agent for Aramark Sports & Entertainment Services, Inc.  Dkt. 14, at 2.  Plaintiff maintains that CT Corporation informed him that it does not accept service of process on individuals and entities that are not on its client list.  *Id.*  Apparently, because ARAMARK Corporation does not do business in the state of Washington, it is not on CT Corporation's client list.  The complaint served on November 2, 2006 on CT Corporation differed from the complaint filed in Thurston County Superior Court in that the cause number had been typed onto the complaint, and the complaint was signed.  Dkt. 11, at 13 and 18.  The caption on the summons served on CT Corporation on November 2, 2006 identifies the matter as "The Estate of Derek Xue, Jian Xiong Xue, and Ming Feng Zhong, Plaintiff v. ARAMARK Corporation, a Delaware Corporation. Defendant." Dkt. 11, at 11.  In addition, below the typewritten name of the defendant, a notation was written as follows: "AKA Aramark Sports & Entertainment Group."  *Id.*

In a declaration, Charles C. Huber, one of ARAMARK Corporation's attorneys, stated that, on November 8, 2006, he spoke with plaintiffs' counsel.  Dkt. 11, at 1-2.  Mr. Huber stated that, during the call, he indicated to plaintiffs' counsel that the summons that had been served on CT Corporation did not match the complaint that had been served on CT Corporation because someone had written in additional verbiage on the summons that did not appear on the complaint.  Dkt. 11, at 2.  Mr. Huber stated that he informed plaintiffs' counsel that the complaint that had been filed in the superior court was not signed.  *Id.*  Mr. Huber stated that he told plaintiffs' counsel that this seemed like irregular process and that the issue would be investigated further.  *Id.*

On November 16, 2006, the case was removed to federal court under 28 U.S.C. § 1441, on the basis of diversity jurisdiction.  Dkt. 1.  On November 20, 2006, defendant ARAMARK Corporation filed an answer, admitting "that it operated the Lake Quinault Lodge in Washington."  Dkt. 5, at 1.

On November 21, 2006, after the case was removed to federal court, plaintiffs filed an Amended Summons and Complaint in Grays Harbor Superior Court.   Dkt. 14, at 17-20 and Dkt. 14-2, at 1-5.  The amended complaint is signed by plaintiffs' counsel.  The defendant is identified as follows: ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC., a wholly owned subsidiary of ARAMARK CORPORATION. [sic] a Delaware Corporation.  Dkt. 14, at 17.

<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>

On March 28, 2007, ARAMARK Corporation filed a motion for judgment on the pleadings, which ARAMARK stated would be treated as a motion for summary judgment because the motion is supported by declarations.  Dkt. 10.  ARAMARK contends that (1) the action should be dismissed because it was not properly commenced within the statute of limitations; and (2) the action should be dismissed because plaintiffs did not sue the correct entity. Dkt. 10.

The motion for judgment on the pleadings was properly noted for consideration on April 20, 2007. Dkt. 10. On April 19, 2007, plaintiffs filed a late response to the motion.  Dkt. 13.  Plaintiffs contend that the suit was commenced within the statute of limitations period because (1) even though the complaint filed On September 25, 2006 was not signed, defendant was given a signed copy of the summons and complaint; (2) the summons and complaint filed and served were intended for the operators of Lake Quinault Lodge; (3) any defect in the named defendant was cured when Aramark Sports and Entertainment Services Group, Inc. was served with a summons and copy of the amended complaint on November 22, 2006; and (4) Plaintiffs would have discovered the error in the name of the proper defendant if CT Corporation had not accepted service of process on behalf of Aramark Sports and Entertainment Services Group. Dkt. 13. Plaintiffs' arguments show that they are still unclear as to the name of the proper defendant, referring variously to Aramark Sports and Entertainment Services Group, Inc.;  Aramark Sports and Entertainment Services Group; and Aramark Sports and Entertainment Services, Inc.  Nonetheless, plaintiffs request that the court permit plaintiffs to cure the defect in the original complaint by signing the unsigned original complaint, and by permitting plaintiffs to amend the pleadings to properly reflect the correct name of the defendant.  Dkt. 13, at 5.

On April 23, 2007, defendant filed a reply.  Dkt. 16.  Defendant requests that the court strike plaintiffs' response because it was untimely filed.  In addition, defendant contends that (1) plaintiffs'

unsigned pleading, filed on September 25, 2006, is without legal effect and did not properly commence an action within the limitations period; (2) the amended complaint filed on November 21, 2006 and served on November 22, 2006 did not cure the service defects because plaintiffs did not obtain leave of court before filing an amended complaint, and because plaintiffs filed the amended complaint in state court after the case had been removed from federal court; (3) plaintiffs cannot rely on Fed.R.Civ.P. 11 to toll the statute of limitations; and (4) plaintiffs cannot rely on the relation back doctrine governed by Fed.R.Civ.P. 15(c) because plaintiffs' failure to name the proper defendant was not due to inexcusable neglect and because there was nothing to relate back to, since the original complaint was not signed.  Dkt. 16.

<u>LEGAL STANDARD</u>

Fed.R.Civ.P. 12(c) provides as follows:

**(c) Motion for Judgment on the Pleadings.**  After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

A party that has been notified that the court is considering material beyond the pleadings has received effective notice of the conversion to summary judgment. *See Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir.), *cert. denied*, 474 U.S. 826 (1985); *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (1982).  Moreover, the fact that the court had before it exhibits outside the pleadings can constitute constructive notice. *See Grove*, 753 F.2d at 1533 (holding that notice is given "when a party has reason to know that the court will consider matters outside the pleadings").

In this case, defendant stated in its motion that the motion would be treated as a motion for summary judgment.  Plaintiffs filed a response to the motion.  The motion is therefore considered to be a motion for summary judgment under Fed.R.Civ.P. 56.

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record,

taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.  Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

<u>DISCUSSION</u>

It is undisputed that the last day to file this civil action was three years from September 23, 2003, the date of the incident, and that, because September 23, 2006, was a Saturday, September 25, 2006, was the last day for filing suit within the limitations period. *See* RCW 4.16.080(2); *Nelson v. Schubert*, 98 Wn.App. 754, 758-59 (2000); Washington CR 6(a).  The unsigned complaint was filed in Grays Harbor Superior Court on September 25, 2006.

**1.  Unsigned Complaint.** Defendant claims that the action was not properly commenced against any defendant within the statute of limitations period because the complaint was unsigned. Accordingly, defendant contends that the case should be dismissed as barred by the statute of limitations.  Plaintiffs request that they be permitted to file an amended complaint that includes the proper verification.

Under Washington CR 15(a), a party may amend a pleading once at any time before a responsive

pleading is served; thereafter, a pleading may be amended only by leave of the court or by written consent from the adverse party. Leave to amend must be freely given when justice so requires, unless the amendment would result in prejudice to the nonmoving party. Washington CR 15(a); *Kirkham v. Smith,* 106 Wn.App. 177, 181 (2001).  Because a motion to amend the pleadings would now be considered to have been filed after the statute of limitations had run, any amended pleading allowed would be untimely unless it related back to the date of the original pleading. Washington CR 15(c).

The rules regarding amendment of pleadings serve to facilitate proper decisions on the merits, to provide parties with adequate notice of the basis for claims and defenses asserted against them, and to allow amendment of the pleadings except where amendment would result in prejudice to the opposing party. *Caruso v. Local Union No. 690,* 100 Wash.2d 343, 349,(1983);  *Herron v. Tribune Publ'g Co.,* 108 Wash.2d 162, 165 (1987). In determining whether an amendment would cause prejudice, the court should consider undue delay, unfair surprise, the introduction of remote issues, and possible jury confusion. *Wilson v. Horsley,* 137 Wn.2d 500, 505-06 (1999); *Kirkham v. Smith,* 106 Wn.App. at 181.

Washington does not treat inadequate pleadings as defects depriving the court of jurisdiction.  *See Greene v. Union Pac. Stages*, 182 Wn.143 (1935)(while motion to strike is proper when complaint is not verified, defectively verified complaint can be amended at trial, since defective verification does not affect merits);  *Beal v. City of Seattle,* 134 Wn.2d 769, 783 (1998) (change in representative capacity of person bringing suit relates back to original filing, regardless of whether original failure to name proper plaintiff arose from inexcusable neglect, provided there is no prejudice to defendant). *See also Lind v. Frick*, 15 Wn.App. 614, 617 (1976)("Modern rules of procedure are intended to allow the court to reach the merits, as opposed to disposition on technical niceties.").  *See also Board of Trustees of the Leland Stanford Junior University v. Superior Court of Santa Clara County,* 2007 WL 1139455, *5 (Cal.App. 6 Dist.)(signature defect is an irregularity rather than a nullity, and may be cured by amendment).

This approach is also consistent with Washington civil rules of procedure.  Washington CR 7(a) recognizes that a "complaint" is a "pleading."  Washington CR 11(a) provides that "[i]f a pleading, motion, or legal memorandum is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." The Washington rule is in accord with Fed.R.Civ.P.11(a), which provides that "[a]n unsigned paper shall be stricken unless omission of the signature is corrected

1    promptly after being called to the attention of the attorney or party."

2        Although the complaint in this case was unsigned when it was filed on September 25, 2006,

3 plaintiffs did attempt to correct this deficiency, after counsel was informed on November 8, 2006 that the

4 complaint was unsigned, by filing a signed amended complaint on November 21, 2006. That amended

5 complaint was filed in Grays Harbor Superior Court after the case had been removed to federal court.

6 Now, apparently recognizing that the original complaint was unsigned, and also apparently recognizing that

7 the attempt to file an amended complaint in state court after the case had been removed to federal court did

8 not comply with proper procedure, plaintiffs have requested that they be permitted to file an amended

9 complaint that is properly verified. The signature on the complaint is a technical defect, and plaintiffs

10 should be permitted to correct the defect by filing a signed amended complaint.

11      **2. Service on ARAMARK Corporation Within Limitations Period.**  Defendant argues that

12 plaintiffs did not properly serve the summons and complaint within the time period set forth in RCW

13 4.16.170 for tolling a statute of limitations.

14        In Washington, the statute of limitations for tort claims is three years.  RCW 4.16.080(2).  If a

15 complaint is filed before the summons is served, the action is deemed to have commenced the day the

16 complaint is filed.  RCW 4.16.170.  In such situations, a plaintiff must serve the summons within 90 days of

17 the filing of the complaint.  *Id.*  If the plaintiff fails to do so, "the action shall be deemed to not have been

18 commenced for purposes of tolling the statute of limitations."  *Id.*

19        In this case, assuming that the complaint was properly filed, the action was commenced on

20 September 25, 2006.  Pursuant to RCW 4.16.170, plaintiff had ninety days after filing the complaint to

21 properly serve the summons and complaint. Defendant argues that plaintiff did not properly serve the

22 summons and complaint on the correct defendant (because ARAMARK Corporation was not the correct

23 defendant) within ninety days of filing the complaint.

24        The complaint served on CT Corporation on November 2, 2006 was not identical to the complaint

25 filed on September 25, 2006, because the case number on the November 2, 2006 document had been typed

26 in and the complaint was signed.  The signature on the complaint served on CT Corporation on November

27 2, 2006, does not appear to match the signature on the "conformed copy" that plaintiff maintains he

28 intended to file as the original on September 25, 2006.  See Dkt. 14, at 13, and Dkt. 11, at 18.  It appears

that the complaint served on CT Corporation on November 2, 2006 was not identical to the complaint filed in Grays Harbor Superior Court on September 25, 2006. The discrepancies, however, appear to relate more to form (typed case number and signature) than the substance of the complaint.

Neither the complaint nor the summons served with the complaint on November 2, 2006, named as defendant Aramark Sports & Entertainment Services, Inc., which ARAMARK Corporation maintains would be the proper defendant. The record is confusing as to the relationship of ARAMARK Corporation, Aramark Sports & Entertainment Services, Inc., and Aramark Sports and Entertainment Group, and whether service of the original complaint was proper. CT Corporation is authorized to accept service of process, apparently on behalf of Aramark Sports & Entertainment Services, Inc., but not on behalf of ARAMARK Corporation. CT Corporation apparently accepted service of process of the complaint on November 2, 2006. That summons and complaint was apparently received by some entity and then forwarded to Mr. Huber, who is one of ARAMARK Corporation's attorneys; Mr. Huber does not indicate what relationship he, as one of ARAMARK Corporation's attorneys, has with Aramark Sports & Entertainment Services, Inc., or with Aramark Sports and Entertainment Group. It is curious that the named defendant, ARAMARK Corporation, requests that the court dismiss the claims against "Any Defendant" as barred by the statute of limitations; it is unclear whether Mr. Huber represents ARAMARK Corporation alone, and/or whether he represents Aramark Sports & Entertainment Services, Inc., and/or whether he represents Aramark Sports and Entertainment Group. Mr. Reitmeyer stated that he is the Vice President and Associate General Counsel for Risk Management, Antitrust and Litigation in "the Aramark Legal Department"; it is unclear what the relationship of ARAMARK Corporation, Aramark Sports & Entertainment Services, Inc., Aramark Sports and Entertainment Group, and Aramark Legal Department is, at least for the purposes of service of process. To complicate matters further, in the answer to the complaint, ARAMARK Corporation admitted that it operates Lake Quinault Lodge.

Based upon the record before the court, defendant has not shown that service of the summons and complaint on November 2, 2006 was inadequate, at least as to ARAMARK Corporation. Accordingly, on the record before the court, it appears that plaintiffs served the complaint within the 90 day period authorized by RCW 4.16.170.

**3. Amendment of Complaint to name Aramark Sports & Entertainment Services, Inc. as**

1   **Defendant.**  Plaintiffs submitted documents that, on November, 21, 2006, they filed a signed amended
2   complaint in Grays Harbor Superior Court, naming "ARAMARK SPORTS AND ENTERTAINMENT
3   SERVICES, INC., a wholly owned subsidiary of ARAMARK CORPORATION. a Delaware Corporation"
4   as the defendant.  Dkt. 14, at 17.  The record shows that, on November 22, 2006,  the summons and
5   amended complaint were served on Aramark Sports and Entertainment Services Group (Dkt. 14, at 4) and
6   ARAMARK Sports and Entertainment Group, Inc. (Dkt. 14-2, at 5); neither of these entities is named in
7   the caption of the amended complaint. The summons and the amended complaint were filed within ninety
8   days from the date of filing the original complaint on September 25, 2006.  They were not, however, filed
9   in the proper court.  By the time plaintiffs filed their amended complaint on November 21, 2006, the case
10  had been removed to federal court. The amended complaint has not been properly filed in this court.
11  Further, because an answer has been filed, plaintiffs would require leave of the court to file an amended
12  complaint.

13      In their response to ARAMARK Corporation's motion for judgment on the pleadings, plaintiffs
14  request that the court permit them to file an amended complaint, naming the proper defendant.

15      Defendant maintains that, if the court were to permit plaintiffs to file an amended complaint naming
16  Aramark Sports & Entertainment Services, Inc., it would be prejudiced because it has not had the
17  opportunity to conduct discovery regarding the purported service of the amended summons and amended
18  complaint on November 22, 2007.  Moreover, defendant contends that the error in naming the defendant
19  was due to inexcusable neglect, since the name of the operator of Lake Quinault Lodge was easily
20  obtainable through public records, and in fact, plaintiffs had the name of the proper defendant as early as
21  March 15, 2004, when plaintiffs' counsel received the letter from Specialty Risk Services LLC.

22      An amended complaint will be barred by the statute of limitations unless it "relates back" to the
23  original complaint's filing date. Fed.R.Civ.P. 15(c)(3) allows the date of an amended complaint to "relate
24  back" to the date of the original complaint's filing date if four prerequisites are met.; *Schiavone v. Fortune,*
25  477 U.S. 21, 29 (1986); *see also Wilke v. Bob's Route 53 Shell Station,* 36 F.Supp.2d 1068, 1072
26  (N.D.Ill.1999); *Worthington v. Wilson,* 8 F.3d 1253, 1255-56 (7th Cir.1993).  An amendment changing or
27  adding a party will relate back if (1) the claim asserted in the amended pleading arose out of the conduct,
28  transaction, or occurrence set out in the original pleading; (2) within the statute of limitations, the party

ORDER
Page - 10

added in the amendment received notice of the action and will not be prejudiced in maintaining a defense; and (3) within the statute of limitations, the party added knew or should have known that, but for a mistake, the action would have been brought against him or her. *See* Fed.R.Civ.P. 15(c)(2) and (3), and Washington CR 15(c). Washington courts have added another requirement when a plaintiff attempts to add a defendant by amendment: the moving party must also show that its failure to name the party was by excusable neglect. *Bunko v. City of Puyallup Civil Serv. Comm'n,* 95 Wn.App. 495, 500, 975 P.2d 1055 (1999) (citing *Haberman v. Wash. Pub. Power Supply Sys.,* 109 Wn.2d 107, 174, 744 P.2d 1032, 750 P.2d 254 (1987)). Generally, Washington courts have applied inexcusable neglect as a bar to Washington CR 15(c) amendments only in those cases where the plaintiff seeks to join additional defendants. *See Nepstad v. Beasley,* 77 Wn.App. 459, 467(1995). When a plaintiff seeks a substitution to correct the mistaken identity of the defendant, inexcusable neglect should not work as an absolute bar to amendment. *Id.* at 467-68. However, because the decision to grant or deny a Washington CR 15(c) motion to amend is discretionary, the court may consider inexcusable neglect as an appropriate factor in such a case. *Id.* at 468.

The purpose of Washington CR 15(c) is to allow amendment of the pleadings provided the defendant has notice and is not prejudiced. *Beal for Martinez v. City of Seattle,* 134 Wn.2d 769, 782 (1998). *See DeSantis v. Angelo Merlino & Sons, Inc.,* 71 Wn.2d 222, 224 (1967) (amendment to change the name of the defendant from a proprietorship to a corporation was proper); *Craig v. Ludy,* 95 Wn.App. 715 (1999)(amendment substituting estate as defendant related back to date of filing complaint). See also *Ingram v. Kumar,* 585 F.2d 566, 570-71 (2d Cir.1978) (amendment based on a misnomer should be allowed if the defendants knew about the claim and that the plaintiff intended to assert it against them); *Rylewicz v. Beaton Services, Ltd.,* 698 F.Supp. 1391, 1399 (N.D.Ill.1988) (relation back generally allowed to correct a misnomer, e.g., when a partnership is erroneously sued as a corporation), aff'd, 888 F.2d 1175 (7th Cir.1989)

The court recognizes that, throughout these proceedings, plaintiffs have consistently been imprecise in naming the defendant(s) they wish to sue. In this case, because there are apparently at least three entities that have been referred to by plaintiffs, and because the names of the different entities are similar, the record is confusing.

It appears from the record that plaintiff intends to file in this removal action the amended complaint

ORDER
Page - 11

he filed in state court on November 21, 2006, and that has been attached to plaintiffs' counsel's declaration as Exhibit B.  Dkt. 14, at 17-20, and Dkt. 14-2, at 3.  The amended complaint involves claims that arose out of the conduct, transaction, or occurrence set out in the original complaint filed in state court on September 25, 2006.  To the extent the court can determine, Aramark Sports & Entertainment Services, Inc. received notice of the action on November 2, 2006 and/or November 22, 2006, within the statute of limitations period.  Aramark Sports & Entertainment Services, Inc. should not be prejudiced in maintaining a defense, since this action is at the early stage of proceedings.  To the extent that the court can determine, Aramark Sports & Entertainment Services, Inc. was aware within the statute of limitations that, but for plaintiffs' error in the name of the defendant, the action would have been brought against it; at least, this entity has not stated that it was unaware of the action.  While it appears now, from the public record and from the letter sent to plaintiff by Specialty Risk Services, LLC, on March 15, 2004, that the proper defendant in this case should be Aramark Sports & Entertainment Services, Inc., there was at least some confusion as to the identity of the proper defendant.  CT Corporation apparently accepted service of the complaint, which named ARAMARK Corporation as the defendant, on November 2, 2006.  CT apparently accepted service of the amended complaint on November 22, 2006, when the summons and complaint had varying names in the caption.  There was, therefore, at least some excusable neglect on the part of plaintiffs with regard to the naming of the proper defendant. This is not to condone plaintiffs' imprecise and confusing mixing up of names of the several entities that have been referred to throughout these proceedings. The court should permit plaintiffs to file an amended complaint, naming the proper defendant(s).

The court recognizes that Aramark Sports & Entertainment Services, Inc. has neither been named nor appeared in this matter.  Should plaintiffs file an appropriate signed amended complaint, naming Aramark Sports & Entertainment Services, Inc., this defendant is not precluded from raising the statute of limitations issue, or any other legal issues, on its own behalf.

**4. Compliance With Procedural Rules.**  The court notes that plaintiffs' counsel does not appear to be familiar with the procedural rules that govern these proceedings.  The response to defendant's motion was not timely filed, as is required by Local Rule CR 7.  Moreover, the response includes an attempt to change the caption of the case to reflect a defendant other than the named defendant.  No motion has been

made to amend the caption.  Plaintiffs' counsel is hereby **NOTIFIED** that failure to comply in the future with the Federal Rules of Civil Procedure and/or the Local Rules for the Western District of Washington may result in sanctions under Local Rule GR 3; sanctions may include monetary sanctions and/or dismissal of the case.

Defendant requests that the court strike plaintiffs' untimely response.  Dkt. 16.  It does not appear that defendant has been prejudiced by the late reply.  Furthermore, the court expects plaintiffs to comply with the procedural rules in the future. The motion to strike should be denied.

Therefore, it is hereby **ORDERED** that Defendant ARAMARK Corp.'s Motion for Judgment on the Pleadings (Dkt. 10) is **DENIED**.  Defendant's motion to strike plaintiffs' response (Dkt. 16) is **DENIED**.  Not later than May 11, 2007, plaintiffs are **ORDERED** to file an amended complaint, properly verified, naming the defendant or defendants plaintiffs are suing. If plaintiffs fail to comply with this order, the court will dismiss this case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 26th day of April, 2007.

ROBERT J. BRYAN
United States District Judge

ORDER
Page - 13